IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:18-CR-0068 |
| | : | |
| v. | : | |
| | : | |
| **RALPH MCDANIEL GILES, SR.** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Presently before the court is Defendant's motion to dismiss the enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. 41.) For the reasons stated herein, Defendant's motion to dismiss will be denied.

## I. Background[1]

By Indictment returned on February 21, 2018, Defendant was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. 1.) The Government gave notice that it believes the sentencing enhancement of the ACCA applies to Defendant and provided reports from the National Crime Information Center and the Circuit Court for Baltimore County showing the following convictions:

1) On or about July 2, 1979, Defendant was convicted in Baltimore, Maryland of robbery and was sentenced to four years' imprisonment;

---

[1] Because the court recently recited the procedural and factual background of this matter in its memorandum regarding Defendant's motion to suppress (Doc. 63), the court will not do so again here.

1

2) On or about October 16, 1981, Defendant was convicted in Baltimore, Maryland of possession with intent to distribute heroin and was sentenced to six years' imprisonment;

3) On or about May 25, 1981, Defendant was convicted in the District of Maryland of bank robbery and was sentenced to six years' imprisonment;

4) On or about March 9, 1983, Defendant was convicted in Baltimore, Maryland of first degree murder and was sentenced to serve the balance of his natural life; and

5) On or about June 14, 2004, Defendant was convicted of manufacturing, distributing, possessing with intent to distribute, or dispensing a controlled dangerous substance, and was sentenced to two days' imprisonment.

Thereafter, Defendant filed a motion to dismiss the enhanced penalty under the ACCA. Defendant admits that his 1981 federal bank robbery conviction qualifies as a predicate offense and does not challenge it. *See United States v. Wilson*, 880 F.3d 80 (2017), *cert. denied*, 135 S. Ct. 2586 (2018). As to the other four Maryland convictions, Defendant argues that none of the convictions qualify as predicate offenses under the ACCA.

## II. Discussion

The ACCA requires a mandatory minimum prison term of fifteen years for anyone who is convicted of a firearms offense under section 922(g) and has three prior convictions of a violent felony, serious drug offense, or both, committed on occasions different from one another. 18 U.S.C. § 924(e)(1). A "violent felony" includes any crime punishable by imprisonment for more than one year that (1) has as an element "the use, attempted use, or threatened use of physical force against the person of another," (*i.e.* the "force clause") or (2) is the crime of burglary, arson, extortion, or involves the use of explosives (*i.e.* the "enumerated offenses clause").[2] *Id.* § 924(e)(2)(B)(i)-(ii). A "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

Courts typically use a "categorical approach" to determine whether a prior conviction qualifies as a predicate felony. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Under the force clause, the court must determine whether "the use or threat of physical force [against the person of another]" is an element of the offense

---

[2] The third "violent felony" category, identified as the "residual clause," was invalidated by the United States Supreme Court as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015).

3

of conviction. *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 1582 (2018). "If the criminal statute possesses this element, or defines physical force more narrowly than the ACCA, the conviction qualifies as a predicate offense." *United States v. Price*, No. 18-cr-54, 2018 WL 4469791, *2 (M.D. Pa. Sept. 18, 2018) (citing *Chapman*, 866 F.3d at 134).

When the statute of conviction identifies "multiple, alternative elements, rather than a single, indivisible set of elements," courts apply an alternative metric called the "modified categorical approach." *United States v. Abbott*, 748 F.3d 154, 157-58 (3d Cir. 2014) (internal quotation marks omitted) (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)). "This approach allows a court to identify the particular crime of conviction from among the various alternatives 'so that the court can compare it to the generic offense' or the ACCA's definition of physical force." *Price*, 2018 WL 4469791 at *2 (quoting *Descamps*, 570 U.S. at 264.) The court is permitted to consult a limited class of documents "to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. When a defendant pleads guilty, the inquiry is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy . . . in which the factual basis for the plea was confirmed by the defendant, or to some comparable

judicial record of this information."[3] *Shepard v. United States*, 544 U.S. 13, 26 (2005).

### A. Defendant's 1979 Maryland robbery conviction

In 1979, Defendant was convicted in Baltimore, Maryland of robbery and sentenced to four years' imprisonment. The Government concedes that it is uncertain whether Defendant's conviction was for armed or unarmed robbery and that if Defendant was convicted of unarmed common law robbery, the offense would not qualify as an ACCA predicate offense. (Doc. 49, p. 14 of 28.) Because the Government has not provided *Shepard* documents to resolve this issue, the court finds that Defendant's Maryland robbery conviction does not qualify as a predicate offense under the ACCA.[4]

### B. Defendant's 1983 Maryland first-degree murder conviction

On March 9, 1983, Defendant was convicted of first-degree murder in Baltimore, Maryland and sentenced to a term of life imprisonment. At the time of his conviction, the applicable statute provided: "All murder which shall be perpetrated by means of poison, or lying in wait, or by any kind of willful, deliberate and premeditated killing shall be murder in the first degree." *Gladden v. State*, 330 A.2d 176, 178 (Md. 1974) (citing Md. Code, Art. 27, § 407 (repealed 2002)).

---

[3] These documents are referred to as "*Shepard* documents."
[4] The Government requested leave to submit supplemental *Shepard* documents if they became available. The court will revisit its decision if such documents are provided.

5

Defendant argues that "[m]urder in Maryland is not categorically a crime of violence under the elements clause because the statute sweeps within it some conduct that does not include an element of violent physical force." (Doc. 42, p. 16 of 23.) He relies on the assertion that murder could be committed by poisoning, which does not require use of any physical force. *See United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) (distinguishing between an offense that uses force and one that results in injury and citing the Fifth Circuit's example of poisoning as a way to cause injury without violent force); *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), *overruled by United States v. Bettcher*, 911 F.3d 1040 (10th Cir. 2018) (overruling *Perez-Vargas* because it "'relied on reasoning that is no longer viable in light of' the [Supreme] Court's decision in *Castleman*."); *United States v. Mayo*, 901 F.3d 218 (3d Cir. 2018) (holding that Pennsylvania's aggravated assault statute criminalizes acts of omission, such as starvation, which is more broad than the ACCA's definition of physical force).

Defendant's reliance on *United States v. Torres-Miguel* and *United States v. Perez-Vargas* is misplaced as both were overruled by the Supreme Court in *United States v. Castleman*, 572 U.S. 157 (2014), where the Court held as follows:

> [T]he knowing or intentional application of force is a "use" of force. Castleman is correct that under *Leocal v. Ashcroft*, the word "use" "conveys the idea that the thing used (here, 'physical force') has been made the user's instrument." But he errs in arguing that although "[p]oison may have 'forceful physical properties' as a matter of

6

> organic chemistry, . . . no one would say that a poisoner 'employs force or 'carries out a purpose by means of force' when he or she sprinkles poison in a victim's drink." The "use of force" in Castleman's example is not the act of "sprink[ling]" the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim.

*Id.* at 170-71 (internal citations omitted). Here, Defendant is employing the same reasoning that the Supreme Court rejected in *Castleman*. Accordingly, the court finds that Defendant's murder conviction qualifies as a predicate offense under the ACCA.

### C. **Defendant's 1981 and 2004 Maryland possession with intent to distribute controlled substances convictions**

Defendant has two prior convictions in Maryland for possession with intent to distribute heroin on October 16, 1981, and for possession with intent to distribute controlled substances on October 1, 2003. The crux of Defendant's argument is that his prior Maryland drug convictions are broader than the ACCA definition because "distribution" can include "offers to sell." (Doc. 42, pp. 17-21 of 23.) The Third Circuit recently declined to weigh-in on this issue in *United States v. Daniels*, 915 F.3d 148 (3d Cir. 2019). Similarly, this court need not address this question now because it has found that Defendant has two ACCA predicate offenses.

## III. **Conclusion**

For the reasons stated herein, the court will deny Defendant's motion to dismiss the enhanced penalty under the Armed Career Criminal Act. An appropriate order will issue.

s/Sylvia Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: June 10, 2019